HARVEY P. FISHER, RESPONDENT, *v.* DAVID VER-PLANCK, ACTING EXECUTOR OF, ETC., WARREN TOMP-KINS, DECEASED, APPELLANT.

*Section 829 of the Code of Civil Procedure—what evidence inadmissible under.*

In an action to recover for services rendered and materials furnished to defend-ant's testator, plaintiff served a bill of particulars, made after testator's death, containing a statement of the contract-price of the services rendered and goods sold. Upon the trial he was allowed to testify to its accuracy in gross, and then to read it in evidence.

*Held,* that the evidence was inadmissible under section 829 of the Code of Civil Procedure.

*Semble,* that it was also error to allow plaintiff to testify that he worked upon premises owned by testator in his lifetime, and to give the number of days he so worked, and the value of his services.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover for work and services per-formed and rendered upon premises belonging to defendant's tes-tator during his lifetime, and for materials furnished to, and bought for him.

*John W. Mills,* for the appellant.

*Wilson Brown, Jr.,* for the respondent.

BARNARD, P. J.:

The plaintiff was permitted to testify in this case in clear viola-tion of section 829 of the Code of Civil Procedure. The com-

plaint averred that the plaintiff had done work and furnished materials for J. Warren Tompkins in his lifetime. The defendant was his executor. Upon the trial the plaintiff was permitted to testify that he worked upon premises which the deceased testator owned in his lifetime ; also the number of days he so worked and the value. This evidence seems to have been admitted upon the principle that the fact of doing work upon premises of deceased, and the value and amount of such work was not a transaction with deceased. It is difficult to uphold this view. The action was upon a contract with deceased. When the work was proven to have been done upon his premises, and the extent and value of the work, the action is made out. The law implies the promise. Such a view of the purport of this section would not afford that degree of protection to the estate of dead men which seems to be the design of the section.

It is not necessary to place the decision of this case upon the admission of this evidence, for the referee permitted the plaintiff to violate both the letter and spirit of the section. The plaintiff had served a bill of particulars of his claim. He had made this out after the death of testator ; he was permitted to testify to the accuracy of this bill of particulars in gross, and then to read it in evidence. This bill of particulars contains a statement of the contract-price of work done for defendants testator, and for goods sold to him, and for goods bought for him. He thus testifies as to a direct personal transaction with deceased, and claims to recover under it, and is permitted to do so. It is not necessary to consider whether a bill of particulars so made out could be made evidence. If it could be its admission violated the Code as against a deceased person, in an action against his executor.

The proof upon which the referee found payments by which this large debt was kept alive was insufficient. The work commenced in December, 1859; and was claimed to have continued down to August, 1874, when Tompkins died. In 1870, Tompkins delivered to plaintiff two cords of wood, and in the fall of 1871 a pair of boots. The witness Carroll testifies that these payments were on account of work done. On account of what work done ? A partial payment is evidence of the whole debt upon which the payment was made. Upon what account was this payment made,

Carrol does not know.   There was no bill.   There was nothing to indicate that this payment was paid upon a claim then for a long time barred by the statute.

The judgment should be reversed, and a new trial granted at circuit, costs to abide event.

GILBERT, J. concurred; DYKMAN, J. not sitting.

Judgment reversed, and new trial granted at circuit, costs to abide event.